UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ALEXANDER ANTHONY DOVE,

<table>
<tr><td>Plaintiff,</td><td><u>**MEMORANDUM & ORDER**</u></td></tr>
<tr><td>- against -</td><td>17-CV-02798 (PKC) (VMS)</td></tr>
</table>

BROOKDALE MEDICAL CENTER,

Defendant.
--------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

Plaintiff Alexander Anthony Dove, currently incarcerated at the Mohawk Correctional Facility[1], brings this *pro se* action against Defendant Brookdale Medical Center ("Brookdale Hospital") and alleges that Defendant failed to provide him with proper medical care, thereby violating his constitutional rights. Liberally construed, Plaintiff asserts federal claims under 42 U.S.C. § 1983 and state law claims for medical malpractice and negligence. By Order dated May 1, 2017, the United States District Court for the Southern District of New York transferred the action to this Court. (Dkt. No. 4.) The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for the purposes of this order. Plaintiff's § 1983 claim fails to state a plausible claim and the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and those claims are dismissed without prejudice. For the reasons discussed below, the Complaint is dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B).

---

[1] Plaintiff is currently incarcerated due to a parole violation. He was returned to custody on March 31, 2017. (http://nysdocslookup.docs.ny.gov) (last visited October 6, 2017).

## BACKGROUND

Plaintiff alleges that in November or December 2016, he was attacked in a train station. (Compl., Dkt. 8, ECF[2] 4). Following the attack, Plaintiff was taken to Brookdale Hospital. At Brookdale Hospital, the medical staff removed glass from Plaintiff's hand. (*Id.*) Plaintiff alleges that Brookdale failed to remove all the glass causing his hand to become infected. (*Id.*) Plaintiff was thereafter treated at another hospital where staff had to reopen the stitches in his hand and remove additional glass fragments. (*Id.*) Plaintiff seeks monetary damages. (*Id.*)

## DISCUSSION

As discussed below, the Court finds that Plaintiff has not stated a plausible § 1983 claim, and thus, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Accordingly, the Complaint is dismissed.

## I.     Legal Standard

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), district courts shall dismiss an *in forma pauperis* action that "(i) is frivolous or malicious, (ii) fails to state a claim upon which

---

[2] **Error! Main Document Only.**Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### A. 42 U.S.C. § 1983

Plaintiff alleges that Defendant violated his "federal constitutional rights." (Compl., Dkt. 8, ECF 2). Liberally construed, he appears to be asserting a claim under 42 U.S.C. § 1983. To the extent that Plaintiff seeks to maintain an action under §1983 action, he must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Id.*; *see also McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) ("To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law."); *Schiff v. Suffolk Cty. Police Dep't*, No. 12-CV-1410, 2015 WL 1774704, at *5 (E.D.N.Y. Apr. 20, 2015) (same). Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." *Morris–Hayes v. Board of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983. *American Manufacturers Mutual Insurance Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations omitted); *cf. Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 295 (2001) ("[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself'") (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)); *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002).

Brookdale Hospital is a private institution. *See Soto v. Lene*, No. 11-CV-0089, 2011 WL 147679, at *2 (E.D.N.Y. Jan. 18, 2011) (noting that Brookdale Hospital is a private, nonprofit teaching hospital). A private hospital is generally not considered a state actor. *See White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010) ("[P]rivate actors and institutions, such as . . . hospitals . . . are generally not proper § 1983 defendants because they do not act under color of state law."); *Kia P. v. McIntyre*, 235 F.3d 749, 757 n.3 (2d Cir. 2000) ("Our decision in this case turns in large part on our conclusion that the [private] Hospital was not a state actor when it provided medical care to [plaintiff]"); *Anthony v. Med. Staff at Instn.*, No. 16-CV-1122, 2016 WL 1383491, at *2 (E.D.N.Y. Apr. 7, 2016). Plaintiff fails to allege facts that show that Brookdale Hospital, a private party, acted under color of state law. Therefore, no claim has been stated under 42 U.S.C. § 1983.

## B. State Law Claims

Because the Court has dismissed the only potential federal claim against Defendant, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(c)(3); *Giraldo v. U.S.*, No. 14 CV 5568, 2015 WL 1476409, at *4 (E.D.N.Y. Mar. 31, 2015) (declining to exercise supplemental jurisdiction over Plaintiff's state law claims for malpractice and negligence). Accordingly, Plaintiff's state law claims are dismissed, but without prejudice to Plaintiff's ability to re-file in state court.

Whereas ordinarily the Court would allow Plaintiff an opportunity to amend his complaint, *see Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000), it need not afford that opportunity here where it is clear from Plaintiff's submission that amendment would prove to be unproductive or futile. *See Ashmore v. Prus*, 510 F. Appx. 47, 49 (2d Cir. 2013) (leave to amend is futile where barriers to relief cannot be surmounted by reframing the complaint); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be futile).

## **CONCLUSION**

Plaintiff's action is hereby dismissed for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).  Any state law claims are dismissed without prejudice. The Clerk of Court is directed to issue a judgment dismissing the action. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 6, 2017
       Brooklyn, New York